[Civil No. 2252.   Filed April 18, 1925.]

[235 Pac. 148.]

# A. M. DOUGLAS, Appellant, v. PARKER COMMERCIAL COMPANY, Appellee.

1. EVIDENCE—ORIGINAL SALES SLIPS PROPERLY ADMITTED TO SHOW GOODS SOLD, THEIR PRICE, AND TO WHOM DELIVERED.—In action on account for goods sold to croppers, where issue was whether defendant authorized purchase or guaranteed payment, original sales slips *held* properly admitted to show goods sold, their prices, and to whom delivered, as against objection that on their faces it was shown that goods were furnished to others than defendant.

2. APPEAL AND ERROR—ADMISSION OF DECLARATIONS OF ALLEGED AGENT, SHOWING HIS AUTHORITY, NOT ERROR, IN VIEW OF TESTIMONY OF RATIFICATION.—In action for price of goods sold to defendant under alleged authority of latter's agent, admission of declarations of alleged agent as to his authority *held* not error, in view of testimony sufficient to show ratification by principal.

3. TRIAL—REFUSAL OF REQUESTED INSTRUCTION, FULLY COVERED BY OTHERS, NOT ERROR.—Refusal of requested instruction, fully covered by other instructions, *held* not error.

4. TRIAL—ERROR OF INSTRUCTION, MISLEADING AS TO SCOPE OF AGENCY, CURED BY OTHER INSTRUCTION.—In action for sale of goods to croppers working defendant's land, charged to defendant under alleged authority of his foreman, error in instruction that defendant was liable if foreman was agent of defendant and credit was extended on his promise that defendant would pay, it being admitted foreman was limited agent, · *held* cured by subsequent instruction explaining character of agency necessary to bind defendant.

5. APPEAL AND ERROR.—INSTRUCTION OF ABSTRACT LAW OUTSIDE OF ISSUES NOT PREJUDICIAL.—Where authority of defendant's foreman to bind defendant for goods sold to croppers and ratification thereof were in issue, instruction concerning relation of croppers and land owner and their respective legal rights, though outside the issues of the case, *held* not prejudicial, as it could not have influenced the jury.

See (1) 22 C. J., p. 893.   (2) 2 C. J., p. 970.   (3) 2 C. J., p. 967; 38 Cyc., p. 1711.   (4) 38 Cyc., p. 1786.   (5) 4 C. J., p. 1033.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

Messrs. Kibbey, Bennett, Gust & Smith, and Mr. A. J. Eddy, for Appellant.

Messrs. Robertson, Lindeman & Campbell, for Appellee.

ROSS, J.—Action on account for goods sold and delivered. The plaintiff corporation is a general merchandise concern engaged in business at Parker, Arizona. In 1920 the defendant Douglas held under lease about 300 acres of land in that vicinity, 100 acres of which he personally farmed in cotton, and the rest was farmed in cotton by four croppers, the defendant furnishing the land, water for irrigation, teams, tools and seed, and the croppers doing the planting, cultivating and harvesting, with the understanding that the crop would be equally divided. The four croppers cultivated separate pieces of land and were not interested the one with the other.

During 1920 and 1921 the defendant bought of plaintiff $818.96 worth of goods, and the four croppers obtained from the plaintiff's store on defendant's account goods worth $2,939.87, in all $3,758.83, which with interest at the time of bringing suit amounted to $3,964.79. On this account the defendant paid to plaintiff $1,182.32, but refused to pay the balance, claiming that he was not responsible for the goods delivered to the croppers because he had not authorized the debt nor guaranteed it, whereas the plaintiff contends the goods were sold to defendant and delivered to croppers on his order or by his direction.

The case was tried to a jury and resulted in a verdict for plaintiff for $2,676.52, the amount sued for.

The defendant appeals, assigning errors in the admission of evidence and in the court's instructions to the jury. We will consider assignments in the order in which they appear in defendant's brief.

It seems plaintiff kept no books of account, but when a sale was made it was entered upon a slip (printed form) showing date of sale, to whom sold, articles and prices. The slip was in duplicate; the copy thereof being delivered with goods and the original kept by the plaintiff. These originals were admitted in evidence for the purpose of showing goods sold, their prices, and to whom delivered, over the objections of defendant that upon their faces it was shown that the goods were furnished to others than defendant. In connection with the admission of these slips, evidence was introduced that slips were made to croppers under instructions from defendant and for his convenience in settling with croppers later on. We think the slips were properly admitted for the purposes for which they were offered.

The testimony was to the effect that defendant lived in Blythe, California, and that O. R. Miller, as foreman, had charge of the farming of the 100 acres of cotton being cultivated by the defendant personally. B. M. Fuqua, the manager, and J. F. Fuqua, the bookkeeper, of the plaintiff, testified that Miller instructed them to deliver goods to croppers and charge them to defendant. The admission of this testimony is assigned as error because, it is said, there was no evidence that Miller was defendant's agent, authorized to have goods charged to defendant, and that the declaration of the agent of his agency was not proper evidence. We think this rule is settled as claimed by defendant.

But both these witnesses (the Fuquas) testified positively that in July, 1920, Douglas came to the store in Parker and promised to pay all accounts

28 Ariz.—4

up to that date contracted under the authority of Miller, and for all other goods that might be thereafter delivered to croppers or himself, and that said goods were delivered as directed, and charged to defendant at his request. It is true the defendant denied ever having authorized Miller to purchase goods for croppers on his account, and denied also that he subsequently requested plaintiff to sell goods to the croppers, promising to pay for them. The testimony of the Fuquas of defendant's ratification of Miller's action and of defendant's personal request, for credit was ample, we think, to sustain Miller's agency, and authority from defendant to authorize the delivery of goods to croppers and to charge the same to defendant, and therefore it was not error to admit declarations or conversations of Miller showing such agency or authority.

The next error assigned arises out of the refusal of the court to give a requested instruction bearing upon the question of agency and ratification. The instruction asked was unquestionably a correct statement of the law, but the matter was fully covered by other instructions given by the court.

By one instruction the jury were told that, if they found O. R. Miller was the agent of the defendant and as such agent told the plaintiff to let croppers have merchandise and defendant would pay therefor, the credit was extended to Douglas alone; and, in another instruction:

"So in this case if Miller, acting as agent for Douglas, told Fuqua to let the parties have the goods and that Douglas would pay and credit was extended on that promise, Douglas is liable."

It is contended by the defendant that these instructions were erroneous and misleading because it was admitted by defendant that Miller was his foreman and authorized to purchase goods of the

plaintiff for use in cultivating the 100 acres of land being farmed by defendant personally, and that these instructions practically directed the jury, if they found the fact of agency existed between Miller and defendant, even though limited, they might find he had power to contract for goods delivered to the croppers.

It is obvious that the instruction was too limited. The contention of the defendant was that the agency of Miller was a limited one, whereas the plaintiff claimed his agency was general. This instruction should have required plaintiff to prove Miller's authority to order goods furnished croppers and charge them to defendant's account. In another place in the instructions, however, the character of the agency necessary on the part of Miller to bind the defendant was explained in the following language:

" . . . You must be convinced from a preponderance of the evidence that the witness O. R. Miller made the promises and agreement on the part of the defendant with the plaintiff, as testified to by his witnesses, and you must further find by a preponderance of the evidence that said Miller was authorized by the defendant Douglas to make such promises and agreements on his (the defendant's) part, or that the defendant thereafter, with knowledge of Miller having made such promises and agreements, ratified Miller's acts in so making said promises and agreements, if the same were made. In order for a person to ratify the acts of an agent, of course, he must know what he is ratifying."

It seems to us that the last instruction on the question of agency had the effect of curing any error in the first. While the first seemed to direct the jury that, if they found Miller was the agent of the defendant for any purpose, he could bind defendant to pay for goods delivered to croppers, the instruction following definitely and clearly informs the jury that Miller must have had authority from defendant

to contract such debt upon his behalf before he would be obligated to pay. Taken together, the two instructions are not inconsistent—the first requiring proof of agency, and the second requiring that proof of such agency shall be to do the very thing necessary to bind the principal. The restricted language used in the first was unfortunate but could hardly have been misleading.

The defendant also complains of an instruction given concerning the relation of croppers and land owner and their respective legal rights as being outside the issues and improper, not that instruction was erroneous, but that it was calculated to mislead the jury and confuse the issues. We confess that the instruction does seem to be outside the issues, but, in view of the evidence of agency and of ratification, it is hardly probable that the jury paid any attention to this abstract statement of the law. It was of course under the issues incumbent upon the plaintiff to establish by a preponderance of the evidence Miller's agency to contract with the plaintiff for the goods delivered to the croppers, or to establish that the defendant, being in possession of all the facts, ratified such contract. The errors complained of were, in our view of the record, without prejudice to the defendant.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.